CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 13 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAMSIDDEEN ISIAH HATCHER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00224 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LT. MIKE SALYERS, et. al., | ) | By: Hon. James C. Turk |
| Defendant(s). | ) | Senior United States District Judge |

Plaintiff Shamsiddeen Isiah Hatcher, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Hatcher alleges that officials at the Bristol City Jail ("the jail") failed to diagnose and treat properly a boil on his leg that later developed into a dangerous staph infection. He seeks a "financial reward for discrimination, pain and suffering." Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

Hatcher alleges the following events from which his claims arise. On January 27, 2008, he noticed a small bump on his leg. By the next day, the bump had turned into a painful knot the size of a quarter. Hatcher verbally asked medical staff member Deanna Hughes to start him on some antibiotics–Keflex or Cephlaxyn–and wrote her a note, explaining his situation. When she returned later in the afternoon with medication for other inmates, she did not have any antibiotics for Hatcher and said she had "discarded" his note.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Hatcher filed a sick call sheet at 8:00 a.m. on January 29, 2008, explaining that the bump was an abscess or boil the size of a half dollar with increased pain and swelling. Lt. Mike Salyers came to the cell block at 9:00 a.m. and asked to see Hatcher's bump. After looking at it through the bars, he told Hatcher that it was not large enough to require antibiotics. Salyers distributed medication to other, white inmates. Later that afternoon, Hatcher filed a grievance form, indicating that pain and swelling had increased, red streaks ran down his leg, and his ankle and foot had begun to swell. He asked to be examined by a licensed physician. He was told that Ms. Hughes was on duty for medical matters, but she did not immediately respond to his grievance. He filed another grievance, stating that he was in "irritating pain" and needed painkillers and treatment by a licensed physician. Hughes called Hatcher "up front" because of his grievances, and he found her attitude to be "evil, nasty," and unprofessional. She did not provide the requested painkillers and antibiotics at that time, and he filed two additional grievances, asserting that she denied him treatment based on race discrimination and that she should be disciplined accordingly.

By January 30, 2008, the pain in Hatcher's leg was excruciating and he begged a jail officer to be taken to the emergency room. Someone told him that the jail physician would visit the jail on Thursday, January 31. However, the doctor did not examine Hatcher on January 31. Medical staff were giving Hatcher Tylenol, Motrin, and Cephlaxyn by this time, but these medications were not working. At about 11:00 p.m. on January 31, 2008, Hatcher complained of intense pain and increased swelling. Hughes came to his cell and determined that he should be taken to the emergency room. The medical staff at the hospital diagnosed Hatcher's condition as "cellulitis," caused by a staph infection. They gave him IV antibiotics and painkillers and prescribed Darvacet and Bactrim, a powerful antibiotic; the doctor there did not believe Cephlaxyn was a strong enough

2

to address the staph infection. Back at the jail, the medical staff informed him that it would take 24 hours to get the Bactrim from the pharmacy, but continued giving him the Cephlaxyn in the meantime. On February 2, 2008, suffering chills and seeing red streaks up his leg, Hatcher demanded a return visit to the emergency room, as discharge papers had advised him to return if these symptoms developed. The medical staff responded that they had ordered the antibiotic prescribed by the emergency room doctor.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). First, the plaintiff must show that, objectively, his need for medical treatment was sufficiently serious. Such a need usually involves a condition that threatens loss of life or illnesses or injuries that threaten the inmate with permanent disability. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1974).

Second, plaintiff must show that defendants acted with deliberate indifference toward his serious medical need. Estelle, 429 U.S. at 104-105. Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Rather, the inmate must show that the official was aware of objective evidence

3

from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and then failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837-844 (1994). See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence did not show that doctors knew inmate had pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

III

Hatcher's allegations simply do not state any claim for relief under these constitutional principles. This claim concerns a medical condition that developed slowly over the first two days and then grew quickly worse. When medical staff first viewed the bump on his leg, they did not diagnose it as anything serious or requiring medical treatment. Hatcher's self-diagnosis of the bump as a boil or abscess states nothing more than a disagreement with the medical staff's judgment that no treatment was required at that point. Once Hatcher's symptoms worsened and gave them notice that his condition was serious, the medical staff provided quick and extensive medical care– antibiotics and pain medication and finally, a trip to the emergency room. Their failure to diagnose the staph infection sooner or to provide exactly the same drugs that the emergency room doctor prescribed or that plaintiff believed he needed states additional disagreement and not deliberate indifference. If the medical staff failed to provide the quickest diagnosis or the most effective antibiotic or painkiller, such actions represent at most medical negligence and would be actionable,

4

if at all, under state malpractice laws in the appropriate state court and not under § 1983.[2] Because Hatcher's allegations fail to state any claim that anyone at the jail acted with deliberate indifference toward any known, serious medical need, the court will dismiss his medical claims, pursuant to §1915A(b)(1).

Hatcher also alleges discrimination on the basis of race. He says that the nurse gave medication to white inmates, but not to him after he told staff that he needed antibiotics. These allegations fail to state any constitutional claim of unequal treatment, because Hatcher fails utterly to allege facts indicating that he and the other inmates had similar medical problems. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (finding that to prove an equal protection claim, litigant must show he was treated differently than others similarly situated and unequal treatment was result of intentional or purposeful discrimination). Hatcher also fails to allege any specific action or comment by the defendants indicating that any of their other actions had any relationship whatsoever to his race. Indeed, Hatcher does not say what race he is. His dislike of the nurse's attitude toward him certainly does not state any specific claim of race discrimination. His conclusory claims of race discrimination are simply not actionable under § 1983. Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974).

Finding that plaintiff's allegations fail to state any constitutional claim against anyone, the court will dismiss the entire complaint, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

---

[2] Because the court herein finds that Hatcher fails to state any constitutional claim, the court declines to exercise supplemental jurisdiction over any possible state law claims. See 28 U.S.C. § 1367(c).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of March, 2008.

*/s/ James C. Turk*
Senior United States District Judge